# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE GROUP,<br><br>　　Plaintiff<br><br>v.<br><br>BRADLEY PERRY, individually and on behalf of A.P., a minor, et. al.,<br><br>　　Defendants | Case No.: 3:17-cv-00725-MMD-WGC<br><br>**Order**<br><br>Re: ECF No. 28 |

Plaintiff Progressive Insurance Group (Progressive) has filed a Petition and Application for an Order Compromising Disputed Claim of a Minor. (ECF No. 28.) The petition is unopposed. While the motion was filed by Progressive, the petitioner and applicant is Bradley Perry, the legal guardian and natural parent of minor A.P. The petition was prepared by Progressive's counsel at the request of the settlement judge because Perry is proceeding pro se on behalf of the minor.

## I. BACKGROUND

Progressive filed an amended complaint in interpleader in the Second Judicial District Court of the State of Nevada in and for the County of Washoe on October 3, 2017. (ECF No. 1-1.) The amended complaint alleged that on June 19, 2016, minor A.P, was a passenger in his grandmother Jacqueline Perry's vehicle, when they were involved in a collision with another vehicle in which Tara Levand and Marriah Vela were present. Jacqueline Perry had an insurance policy with Progressive at the time of the accident, with policy limits for bodily injury in the

amount of $25,000 per person and $50,000 per occurrence. The amended complaint avers on information and belief that Jacqueline Perry may have been responsible for the accident, and this seems to be corroborated by the documentation attached to the petition. A.P. was transported to Renown Regional Medical Center (Renown) following the accident (as were Levand and Vela).

Progressive alleged that the claims may exceed the policy limits, and that Renown, the State of Nevada Department of Health and Human Services (Medicare), California Department of Health Care Services (Medi-Cal), or the Secretary of the United States Department of Health and Human Services (Medicare) may assert liens for their treatment or health insurance coverage in connection with the accident. As a result, Progressive sought to interplead the $25,000 per person and $50,000 with the court to allow the defendants to determine their respective rights.

Bradley Perry, proceeding pro se on behalf of his son, minor A.P., filed an answer in State court.

The State of Nevada Department of Health and Human Services disclaimed any interest in the funds. (ECF No. 2-2 at 34.) Renown was dismissed with prejudice, asserting no claim to the funds. (ECF No. 2-2 at 93-94.)

The Secretary of the United States Department of Health and Human Services removed the case to federal court on December 1, 2017, under 28 U.S.C. § 1442(a), because Progressive filed a civil action in State court against an agency of the United States. (ECF Nos. 1, 1-1.)

Levand and Vela were served with the complaint and were represented by counsel who had communicated initially with Progressive's counsel, but they never entered an appearance or responded to the complaint. California Department of Healthcare Services was also served but filed no responsive pleading. Progressive filed notices of intent to take default with respect to

these defendants. (ECF Nos. 15, 16.) The Clerk subsequently entered default as to Levand and Vela. (ECF No. 26.)

The court held a case management conference on May 8, 2018. (ECF No. 17.) A settlement conference was scheduled before Magistrate Judge Robert A. McQuaid, Jr., and took place on August 2, 2018. (ECF No. 27.) The parties reached a settlement, and the court ordered that the stipulation for dismissal be filed by October 1, 2018. (*Id.*)

On September 13, 2018, this petition was filed. The stipulation for dismissal has not yet been filed, presumably because this petition needs to be resolved first.

## **II. DISCUSSION**

**A. The Petition**

The petition states that the minor was taken to Renown following the accident and was discharged and has no follow up care. It is not clear who paid the bill for Renown, but petitioner is unaware of any liens in the case. Petitioner acknowledges that if any lienholder comes forward, the amount owed will be paid from the settlement amount and a petition to release funds from the blocked trust will be filed. Petitioner also acknowledges that if this petition is approved, petitioner is not entitled to further recovery or compensation from Progressive relating to this accident, even if A.P.'s injuries prove more serious in the future or require more care. The settlement amount as to the minor is $12,500, with $3,814.50 to be used for educational purposes for the child (for education at Small Strides, Inc.), and $8,685.50 is for general damages to be put into a blocked account at the highest available interest rate for the benefit of the minor, with the funds not to be withdrawn or borrowed upon prior to the time the minor reaches the age of majority (absent further order of the court).

The petition includes the relevant accident documentation. The police report indicates that the minor was not injured in the collision. (ECF No. 28 at 32.)

**B. Analysis**

District courts have "a special duty to safeguard the interests of minor plaintiffs." *Robidoux v. Rosengren,* 638 F.3d 1177, 1179 (9th Cir. 2011). The Ninth Circuit has instructed district courts to "conduct [their] own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* at 1181 (citation and quotation marks omitted). This is the case even if the settlement was "recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). The court's inquiry focuses on "whether the net amount distributed to [the] minor … is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82.

*Robidoux* is "limited to cases involving the settlement of a minor's federal claims." *Robidoux*, 638 F.3d at 1179, n. 2. The Ninth Circuit did not speak to the proper course for a federal court to use when there is diversity jurisdiction and the minor plaintiff has state law claims. *Id*.

Here, the court's jurisdiction is not based on diversity, but rather 28 U.S.C. § 1442(a), because Progressive filed a civil action in State court against an agency of the United States. The claims of the minor are clearly state law claims and not claims based in federal law.

A petition for minor's compromise in Nevada is governed by Nevada Revised Statute (NRS) 41.200. The petition must include the name, age, and residence of the minor; facts of the event leading to the filing of the petition; identifying information for the parents or guardian; total amount of proceeds and apportionment of the proceeds; that it is in the best interest of the

4

minor; that the petitioner understands that compromise will bar further recovery; medical records if there is personal injury including billing records. NRS 41.200(2), (3). In addition, if the petition is approved, the court is to direct that the money be paid to the parent or guardian or appointed guardian ad litem, and the parent or guardian must establish a blocked financial investment for the benefit of the minor. NRS 41.200(5).

Under either standard, the petition is satisfactory.

Here the proposed net recovery is $12,500, with $3,814.50 to be used for the minor's education and the remaining funds to be placed into a blocked account that may be withdrawn or borrowed upon once the minor reaches the age of majority.

The records available reflect that Plaintiff was uninjured, was seen at Renown following the accident and discharged with no follow up care. The answer filed on the minor's behalf in State court just indicated that Perry wanted to see the medical bills paid and his son compensated. (ECF No. 2-2 at 89-91.) The court finds this is a fair and reasonable settlement considering the facts of the case and the claims asserted on behalf of the minor.

The petition contains the information required by NRS 41.200, and satisfactorily addresses the blocked account provisions.

Therefore, the petition is granted.

### III. CONCLUSION

The Petition and Application for an Order Compromising Disputed Claim of a Minor is **GRANTED**. (ECF No. 28.) The proposed settlement of the claim against Progressive and in favor of A.P. is approved in the sum of $12,500, with $3,814.50 to be used for educational purposes for the child (for education at Small Strides, Inc.), and $8,685.50 is for general damages to be put into a blocked account at the highest available interest rate for the benefit of the minor.

5

Under NRS 41.200(5), the petitioner must file with the court proof that the blocked account has been established within **30 days** of receipt of the proceeds of the compromise.

If any lienholder comes forward, the amount owed will be paid from the settlement amount, and a petition to release funds from the blocked trust will be filed

A.P. may obtain control of or money from the blocked account when he reaches the age of majority, or before he reaches the age of majority by seeking an order of the court. NRS 41.200(6).

Progressive must file the stipulation for dismissal of this action with prejudice within **30 days**.

**IT IS SO ORDERED**.

Dated: October 19, 2018

                                          _William G. Cobb_
                                          William G. Cobb
                                          United States Magistrate Judge